IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-25-0316 |
| .027 ACRES MORE OR LESS OF LAND ON AND BELOW A HORIZONTAL SUBTERRANEAN PLANE LOCATED BELOW 1705 NORTH FULTON AVENUE IN BALTIMORE CITY, MARYLAND 21217, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Amtrak has filed a Motion for Alternative Service. (ECF No. 39.) For the following reasons, the Motion will be granted.

Amtrak moves for alternative service upon Almar Investment Corporation ("Almar"). (ECF No. 39.) Amtrak named Almar as a Defendant in this matter, given that it may have an interest in one of the subject properties, 1641 McKean Avenue. (*See* ECF No. 1 ¶ 27 ("Upon information and belief, Defendant Almar Investment Corporation has or may claim an interest, specifically as the holder of an unregistered Ground Rent pursuant to Baltimore City Land Records and/or the Maryland State Department of Assessments and Taxation real property records. Upon information and belief, Defendant Almar Investment Corporation is a defunct corporation organized under the laws of the State of Maryland.").) Amtrak explains in its Motion that "[a] search of the State Department of Assessments and Taxation's (SDAT) electronic business records showed that there is no entity named 'Almar Investment Corporation' registered in Maryland. A

search of SDAT's Real Property records for 1641 McKean Avenue in Baltimore City shows that Almar's ground rent interest has not been registered or redeemed." (ECF No. 39 ¶ 2.)

Amtrak detailed its efforts attempting to serve Almar in its Motion. (*Id.* ¶¶ 4–8.) Amtrak explains that, because there is no known resident agent for Almar, Amtrak mailed the Summons, Complaint, and other documents to SDAT. (*Id.* ¶ 4.) Amtrak received a letter from SDAT that explained that SDAT "need[s] a physical address for the defendant in order to serve." (*Id.*) Amtrak thereafter searched public business records and the Baltimore City Land Records, which reflected that Almar was assigned to Reuben and Dorothy Alperstein in 1955, and that the leasehold interest was assigned to third parties in 1987. (*Id.* ¶¶ 5–7.) Both Reuben and Dorothy Alperstein are believed to be deceased, and Martin and Allan Alperstein appeared as the only people on the List of Interested Persons with respect to Dorothy Alperstein's estate. (*Id.* ¶ 8.)

Federal Rule of Civil Procedure 4(h) provides that a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Rule 4(e)(1), in turn, provides that "an individual . . . may be served in a judicial district of the United States by [] following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"

The applicable state law, Maryland Rule 2-121(c), provides that "[w]hen proof is made by affidavit that good faith efforts to serve the defendant pursuant to section (a) of this Rule[1] have not

---

[1] Maryland Rule 2-121(a) provides that "[s]ervice of process may be made . . . (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be

succeeded and that service pursuant to section (b) of this Rule[2] is inapplicable or impracticable, the court may order any other means of service that it deems appropriate in the circumstances and reasonably calculated to give actual notice."

Amtrak asks that the Court find that service upon Almar was accomplished by publication and posting on the property. (ECF No. 39 (citing ECF Nos. 19, 35).) The Court concludes that these methods of alternative service upon Almar are appropriate, given the foregoing discussion regarding the difficulties Amtrak has faced serving Almar, and the fact that these two methods of service (publication and posting) are appropriate in condemnation actions. *See* Fed. R. Civ. P. 71.1(d)(3) (describing the method for service by publication in condemnation cases); Md. Rule 2-122 (describing service by posting or publication in an in rem or quasi in rem action).

Accordingly, it is ORDERED that Amtrak's Motion (ECF No. 39) is GRANTED.

DATED this 29 day of April, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge

---

served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: 'Restricted Delivery--show to whom, date, address of delivery.' Service by certified mail under this Rule is complete upon delivery."

[2] Maryland Rule 2-121(b) provides for certain procedures where a defendant is acting to evade service. There is no evidence Almar is acting to evade service.