IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-25-0316 |
| .027 ACRES MORE OR LESS OF LAND ON AND BELOW A HORIZONTAL SUBTERRANEAN PLANE LOCATED BELOW 1705 NORTH FULTON AVENUE IN BALTIMORE CITY, MARYLAND 21217, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Currently pending before the Court is National Railroad Passenger Corporation's ("Amtrak's") Motion for Summary Judgment and for Other Relief. (ECF No. 47.) The Court will rule on this Motion after the requisite just compensation hearing. The Court will therefore set in the just compensation hearing, as well as a deadline by which all disbursement motions must be filed.

### I. *Factual and Procedural Background*

Amtrak filed a Complaint for Condemnation and Request for Possession pursuant to 49 U.S.C. § 24311 to acquire all interests by eminent domain of subterranean land located below the following properties in Baltimore, Maryland: : (1) 1705 North Fulton Avenue; (2) 1713 North Fulton Avenue; (3) 1715 North Fulton Avenue; (4) 1706 Westwood Avenue; and (5) 1641 McKean Avenue. (ECF No. 1.) The Court granted Amtrak's Motion to Deposit Estimate of Just Compensation, and Amtrak deposited funds totaling $6,550 with the Court. (ECF No. 16.) As

result, title in the subject properties vested in Amtrak. (*See id.*) After Amtrak served all Defendants,[1] the Court granted Amtrak's Motion for Immediate Possession. (*See* ECF No. 48.)

The Mayor and City Council of Baltimore City (the "City") has entered an appearance and filed an Answer. (ECF No. 26.) The City "reserve[d] the right to participate in any future trial on the issue of compensation, to present evidence on the amount of compensation to be paid, and to share in the ultimate award." (*Id.*) Josephine H.B. Merrill has entered an appearance and has disclaimed all interest in this case and compensation related thereto. (ECF No. 18.) Amtrak filed a document reflecting that Patrani Vega emailed Amtrak's counsel "indicating that she agreed with Amtrak's acquisition" but that Amtrak disputes the amount she seeks in compensation. (ECF No. 27.) No party has contested Amtrak's authority to condemn the properties, or has filed any opposition to the pending Motion for Summary Judgment.

## II.  *Motion for Summary Judgment*

Amtrak has filed a Motion for Summary Judgment and for Other Relief, in which it seeks for the Court to determine the just compensation for the property. (ECF No. 47.)

### A. Hearing

The issues of just compensation relating to the subject properties may be determined by summary judgment. *See, e.g., Mountain Valley Pipeline, LLC v. 0.15 Acres of Land by Hale*, Civ. No. 19-00181, 2020 WL 365506, at *4 (W.D. Va. Jan. 22, 2020), *aff'd*, 827 F. App'x 346 (4th Cir. 2020) (explaining that "Rule 56 applies in this case because the rule governing condemnation proceedings in federal court (Rule 71.1) has no provisions governing summary judgment" and that "[s]ummary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken"). Further, under

---

[1] The Court notes that Amtrak has properly served all Defendants in this case. (*See* ECF Nos. 36, 43 (Status Reports detailing status upon all Defendants).)

49 U.S.C. § 24311(b)(3), "[a]fter a hearing, the court shall make a finding on the amount that is just compensation for the interest in the property and enter judgment awarding that amount and interest on it." In addition, under 49 U.S.C. § 24311(b)(2)(B), "the court may decide . . . the disposition of outstanding charges related to the property."

The Court will therefore set in a hearing to occur on August 7, 2025 at 3:00 p.m.[2] After such hearing, the Court will make findings related to just compensation and will rule on Amtrak's Motion for Summary Judgment and for Other Relief.

### B. Notice

In the interest of ensuring that all parties may be adequately heard in this matter, the Court will direct Amtrak to provide notice to all non-appearing Defendants of its Motion for Summary Judgment and of this Memorandum and Order in the same manner that it provided such notice in related cases.

### III. *Motions for Disbursement*

49 U.S.C. § 24311(b)(4) provides that "[o]n application of a party, the court may order immediate payment of any part of the amount deposited in the court for the compensation to be awarded." Further, Federal Rule of Civil Procedure 71.1(c)(4) provides that notice must be served on all defendants, no matter when such defendants were added to the action, and that "[t]he court, meanwhile, may order any distribution of a deposit that the facts warrant."

No party has yet filed a motion for disbursement. The Court will set in a deadline by which any Defendant must file a motion for disbursement. Any such motions must be filed by July 18,

---

[2] There are several other related Amtrak condemnation matters that are ripe for a just compensation hearing. The Court will therefore set in the just compensation hearing for the following cases to occur at the same date and time: JKB-25-0176; JKB-25-0316; and JKB-25-0419.

3

2025. Any Defendant that does not file a motion by that deadline may forfeit their right to a distribution by the Court.

### IV.  Conclusion

For the foregoing reasons, it is ORDERED that:

1. A JUST COMPENSATION HEARING is set in for August 7, 2025 at 3:00 p.m. in Courtroom 5A at the Edward A. Garmatz U.S. District Courthouse at 101 W. Lombard St., Baltimore, MD 21201.

2. Any Defendant that plans to attend the Just Compensation Hearing is DIRECTED to notify the Court of that fact by July 31, 2025.

3. Any Defendant that seeks a disbursement is DIRECTED to file an appropriate motion by July 18, 2025. The motion must include the amount they seek to be distributed and any records evidencing the Defendant's entitlement to that distribution.

4. Amtrak is DIRECTED to serve copies of its Motion for Summary Judgment and Other Relief and this Memorandum and Order on all non-appearing Defendants.

DATED this 19 day of June, 2025.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge